```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
MICHAEL C. GOODSON,                 :
                                    :   Civil Action No. 04-484 (JBS)
              Petitioner,           :
                                    :
         v.                         :           **O P I N I O N**
                                    :
C.J. DEROSA,                        :
                                    :
              Respondent.           :
_____ :

**APPEARANCES**:

Michael C. Goodson, Pro Se
Prior Inmate (Current Address Unknown)
#05733-067
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

Irene E. Dowdy
Assistant United States Attorney
402 East State Street, Room 430
Trenton, NJ 08608
      Attorney for Respondent

**SIMANDLE**, District Judge:

   This matter is presently before the Court upon the submission by Petitioner Michael C. Goodson [hereinafter "Petitioner"], a prisoner previously confined at the Federal Correctional Institution at Fort Dix, New Jersey, of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 which sought an order from this Court directing the Attorney General of South Carolina to immediately resolve the pendency of two

outstanding warrants issued in 1998 by a state court Magistrate in Columbia, South Carolina.

Respondent filed an answer to Petitioner's Writ of Habeas Corpus wherein it sought to have the motion dismissed on the basis that this Court lacked jurisdiction to consider the merits of Petitioner's claims.  For the foregoing reasons, this Court will dismiss Petitioner's Writ of Habeas Corpus.

## BACKGROUND

On September 26, 2002, Petitioner was sentenced in the United States District Court for the Western District of North Carolina to a 41-month term of imprisonment for Making, Uttering, and Possessing Forged and Counterfeit Securities and Aiding and Abetting, in violation of 18 U.S.C. § 513(a)(2).  Petitioner's projected release date with the application of Good Conduct Time under 18 U.S.C. § 3624(b) was August 28, 2004.

Prior to sentencing, a Presentence Investigation Report was prepared by the United States Probation Office.  Information in the report provided that in 1998, arrest warrants for Petitioner had been issued in Columbia, South Carolina, with a disposition of "unserved."  In January of 2003, the Inmate Systems Management Department at FCI Fort Dix sent a Detainer Action Letter to the Olympia Magistrate Court in Columbia, South Carolina, inquiring as to whether that court wished to lodge a detainer against Petitioner.  The clerk's office of the Olympia Magistrate Court

in Columbia South Carolina subsequently notified the Legal Instruments Examiner that they did not wish to have a detainer lodged against Petitioner.  They further explained that the warrants were still pending, but that they did not extradite on the magistrate level.

Petitioner's § 2241 contended that during the fall of 2003, the Bureau of Prisons [hereinafter "BOP"] notified him of the outstanding warrants.  Petitioner further contended that he thereafter submitted requests to the Olympia Magistrate Court for disposition of these outstanding warrants.  Petitioner asserted that he had also written to the Attorney General for the State of South Carolina, without response.  Petitioner argued that he was protected against prosecution on these outstanding charges by the South Carolina statute of limitations and that the pendency of the charges had resulted in his inability to participate in halfway house placement under BOP policy.[1]  Petitioner requested, by way of relief pursuant to the instant 28 U.S.C. § 2241 habeas corpus petition, that this Court "order the Attorney General of South Carolina to immediately resolve these [outstanding state] charges."

---

[1] Under the BOP's Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure, p.11, section 10(f), inmates with unresolved pending charges or detainers that will likely lead to arrest, conviction or confinement, are not ordinarily deemed eligible to participate in CCC programs.

**DISCUSSION**

**STANDARD OF REVIEW**

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).

**§ 2241 PETITIONS**

The function of a writ of habeas corpus is to grant relief from unlawful custody or imprisonment. <u>Campillo v. Sullivan</u>, 853 F.2d 593, 595 (8th Cir. 1998). Section 2241 of Title 28 addresses "challeng[es to] the very facts or duration of [a prisoner's] physical imprisonment, [and where] the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment . . ." <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 484-86, 500 (1973).

**PROCEDURAL DEFECTS**

    **A.**   **The Relief Sought By Petitioner is Moot as no Case or Controversy Currently Exists because Petitioner was Released from Custody on August 27, 2004**

Petitioner's initial Writ of Habeas Corpus was filed on February 2, 2004.  Petitioner amended his petition several times, with the final amendment occurring on May 14, 2004.  Respondent filed its answer on April 19, 2004.  Petitioner was released from custody on August 27, 2004.  See www.bop.gov/iloc2/InmateFinder.

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . .[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody"; and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  Maleng v. Cook, 490 U.S. 488, 490 (1989).

This Court has subject matter jurisdiction under § 2241 to consider the instant petition because Petition was in custody when he filed the petition.  Spencer v. Kenna, 523 U.S. 1 (1998).  The question is whether Petitioner's release on August 27, 2004 caused the petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution.  Id.

The "case or controversy" requirement applies to all stages of federal judicial proceedings, including trial and appellate.  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  "This means that, throughout the litigation, the plaintiff must

have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7.

In Spencer, the Supreme Court considered whether a habeas petition challenging the revocation of the petitioner's parole became moot when the petitioner's sentence expired. The Court determined that, because the additional incarceration the petitioner incurred as a result of the allegedly wrongful termination of his parole was over and the petitioner had not proved the existence of "collateral consequences" of the parole revocation, the petition was moot. See also Preiser v. Newkirk, 422 U.S. 395, 402 (1975) (prisoner's complaint for declaratory and injunctive relief challenging his transfer from medium to maximum security prison without explanation or hearing became moot after he had been transferred back to minimum security prison); Cruz v. Nash, 2006 WL 469650 (D.N.J. 2006) (holding that § 2241 petition challenging Commission's decision to revoke parole date was moot as petitioner was no longer threatened with an actual injury likely to be redressed by a favorable determination) (citing Spencer v. Kenna, 523 U.S. 1, 7 (1998)).

Similar circumstances exist regarding the petition at bar. Petitioner's issues regarding placement within the CCC program became a non-issue the day he was released from custody, August 27, 2004. When the BOP released Petitioner, the petition became

6

moot as Petitioner no longer faced actual injury, nor any reasonable expectation that "the wrong [would] be repeated." Preiser v. Newkirk, 422 U.S. 395, 402 (1975).

The petition is therefore moot as no case or controversy currently exists under Article III, § 2, of the United States Constitution.

### B.  The Relief Sought Could Not be Granted Under a § 2241 Petition

Pursuant to 28 U.S.C. § 2241, Petitioner sought to have this Court compel the Attorney General of South Carolina to dispose of two outstanding arrest warrants. The resulting harm of the warrants, as alleged by Petitioner, was his ineligibility to enter the BOP's CCC program.

A court's jurisdiction to consider the merits of claims brought under § 2241 requires that the petitioner then be in the "custody [of] the authority against whom relief is sought." Campillo, 853 F.2d at 595. "Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ." Id.; Pierre v. United States, 525 F.2d 933, 935-36 (5th Cir. 1976) (habeas corpus may not be used to adjudicate matters "foreign to the question of the legality of custody").

The warrants at issue were not the basis for Petitioner's incarceration. They were also ineffective as to Petitioner's status as a sentenced federal offender, and regardless of their

7

disposition, Petitioner would have remained in the custody of the BOP.  The resulting denial by BOP regarding Petitioner's participation in the CCC did not alter his status as a custodial detainee.  Petitioner could not have challenged the warrants by way of habeas corpus until he was placed in the custody of South Carolina, an event that was not to occur, if at all, until Petitioner was released from the then present term of confinement.  <u>Campillo</u>, 853 F.2d at 595.

As such, a writ of habeas corpus under § 2241 regarding unrelated state charges having no effect regarding the duration of a petitioner's current incarceration could not have issued.

**C.     This Court Could not have Provided the Relief Petitioner Sought as It Lacks Jurisdiction Over the Attorney General of South Carolina**

The Petitioner sought to have this Court compel the Attorney General of South Carolina to dispose of two outstanding arrest warrants issued in that state.

Petitioner was not incarcerated in South Carolina.  Further, he was not incarcerated because of the warrants in question.  He was incarcerated in New Jersey pursuant to a separate set of federal charges for which he was convicted and sentenced.  The connection, tenuous at best, between Petitioner's incarceration and the pending South Carolina warrants was that said warrants were affecting Petitioner's ability to participate in the BOP's

8

CCC program.  That connection did not afford this Court jurisdiction over a South Carolina state official.

Therefore, the relief Petitioner sought could not have been afforded by this Court, as it lacked jurisdiction over an official of the State of South Carolina regarding state warrants issued in 1998.

## CONCLUSION

For the reasons set forth above, Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is Dismissed.  An appropriate order follows.


 **s/ Jerome B. Simandle**
THE HONORABLE JEROME B. SIMANDLE
UNITED STATES DISTRICT JUDGE


Dated:  April 24, 2006